UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MANUEL CAJILEMA, on behalf of himself and all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>BARRETT ROOFS, INC., and THOMAS DELANCEY, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Civil Action No.:**<br><br>Jury Trial Demanded |

JOSE MANUEL CAJILEMA ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against BARRETT ROOFS INC. ("Barrett Roofs"), and THOMAS DELANCEY, individually (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing

1

specific categories of accurate information; and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.  Plaintiff worked for Defendants as a manual laborer at Defendants' roofing business from 2009 to December 2, 2022. As described below, throughout the entirety of Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants required Plaintiff to work more than forty hours per workweek, but intentionally failed to compensate him at the statutorily required overtime rate of one and one-half times her regular rate of pay for each hour that he worked per week in excess of forty.

3.  Defendants also violated the NYLL by: (1) failing to provide Plaintiff with accurate wage statements on each payday; and (2) failing to provide Plaintiff with an accurate notice and acknowledgment of pay at the time of hire.

4.  Defendants' failure to pay overtime in violation of the FLSA and NYLL was not limited to Plaintiff, but also extended to all of Defendants' manual laborers.

5.  Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff additionally brings his claims under the NYLL on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

6.  Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the

applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Barrett Roofs was and is a New Jersey corporation with its principal place of business located at 21 Ise Street, South Hackensack, New Jersey 07606.

11. At all relevant times herein, Defendant Delancey was and is the co-owner and general manager of Barrett Roofs. In this role, Defendant Delancey supervised Barrett Roofs' employees' day-to-day activities and possessed authority to hire and fire Barrett Roofs' employees. Defendant Delancey did in fact hire and fire Plaintiff, maintained his employment records, and paid Plaintiff his wages.

12. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendants' annual business revenue exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and conduct business projects across state lines

in New York and New Jersey, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former manual laborers who during the applicable FLSA limitations period, performed any work for Defendants and who consent to file a claim to recover damages for minimum wage and overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty (40) hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty (40).

15. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay or the minimum wage rate, for all hours worked each workweek above forty (40), yet they purposefully and willfully chose and choose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty (40), in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

    Current and former manual laborers, who during the applicable NYLL limitations period, performed any work for any of the Defendants, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

20. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (5) whether Defendants furnished and furnish Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (6) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as manual laborers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants routinely failed and fail to pay them at the rate of one and one-half their respective regular rates of

pay, while also failing to provide them with accurate wage statements on each payday and with proper wage notices upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, to be furnished with accurate wage statements on each payday, and to be furnished with accurate wage notices upon hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime pay for all of his hours worked over forty each week, did not furnish him with accurate wage statements on each payday or a wage notice upon hire, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any manual laborer of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. Defendants operate a roofing business that performs roofing projects in New York and New Jersey, with its principal place of business located in South Hackensack, New Jersey.

29. In 2009, Defendant Delancey hired Plaintiff to work at Barrett Roofs as a manual laborer to perform work that mainly consisted of installing and repairing roofs on residential and commercial buildings. Plaintiff performed these duties for the duration of his employment, predominantly working on a project located at 230 Hanse Avenue, Freeport, New York. Plaintiff worked until December 2, 2022, when Defendant Delancey terminated Plaintiff's employment.

30. Throughout his employment with Defendants, Defendants required Plaintiff to routinely work five to seven days per week, from 7:00 a.m. to anywhere from 8:00 p.m. to 10:00 p.m., with a one-half hour lunch break each day. Thus, by approximation, Defendants required Plaintiff to work, and Plaintiff did work, anywhere from sixty-two and one-half (62.5) hours per week to eighty-seven and one-half (87.5) hours per week.

31. For his work, Defendants paid Plaintiff at various hourly rates, which Plaintiff was told varied based upon the job he was working. There were multiple workweeks that Defendants paid Plaintiff different hourly rates for hours worked during the same workweek. When the hours that Plaintiff worked exceeded forty in a workweek, Defendants failed to pay Plaintiff at the statutorily applicable overtime rate for those hours over forty.

32. For the duration of Plaintiff's employment, Defendants additionally undercounted the hours that Plaintiff worked, and as a result, failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate for the hours that Plaintiff worked over forty each week.

33. By way of example only, during the week of September 21, 2022, through September 27, 2022, Defendants required Plaintiff to work, and Plaintiff did work sixty-two and one-half hours (62.5), but Defendants only paid him for forty-seven and one-half (47.5) hours. Specifically, Defendants paid him $46.10 per hour for all hours that Plaintiff worked over forty this week. As a result, Defendants failed to pay Plaintiff one and one-half Plaintiff's regular rate of pay for the hours he worked this week over forty (40).

34. By way of a second example only, during the week of August 3, 2022, through August 9, 2022, Defendants required Plaintiff to work, and Plaintiff did work sixty-two and one-half hours (62.5), but Defendants only paid him for forty-nine (49) hours. Specifically, Defendants paid him $46.10 per hour for one hour that Plaintiff worked over forty this week, and $22.00 per hour for eight hours that Plaintiff worked over forty this week. As a result, Defendants failed to pay Plaintiff one and one-half Plaintiff's regular rate of pay for the hours he worked this week over forty (40).

35. Defendants paid Plaintiff on a weekly basis by check.

36. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his overtime hours worked and his overtime rate of pay.

37. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's overtime rate of pay as designated by the employer.

38. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

39. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

40. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

41. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the minimum wage rate for all hours worked exceeding forty (40) in a workweek.

43. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

45. Defendants willfully violated the FLSA.

46. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay or the minimum wage rate, whichever is greater.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

48. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty (40) in a workweek.

50. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

51. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay.

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

56. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

57. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

60. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

61. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

  a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service award to Plaintiff;

  h.  Designation of Plaintiff and Plaintiff's counsel as collective action representatives under the FLSA;

  i.  Pre-judgment and post-judgment interest, as provided by law; and

  j.  Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
    January 5, 2023

                    Respectfully submitted,

                    STEVENSON MARINO LLP
                    *Attorneys for Plaintiff*
                    445 Hamilton Avenue, Suite 1500
                    White Plains, New York 10601
                    Tel. (212) 939-7229

           By: _____
                    JEFFREY R. MAGUIRE