UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YOK

| | |
|---|---|
| JOSE MANUAL CAJILEMANA on behalf of himself and all others similarly-situated,<br><br>                                           Plaintiff,<br><br>              -against-<br><br>BARRETT ROOFS, INC., and THOMAS DELANCEY, individually,<br><br>                                 Defendants. | Case No. 2:23-cv-0080-GRB-AYS<br><br><br>**ANSWER TO COMPLAINT**<br>**WITH AFFIRMATIVE DEFENSES** |

Defendant Thomas Delancey ("Delancey"), by his attorney, Bernard J. Vaughan, submits his Verified Answer with Affirmative Defenses (the "Answer") to the complaint (the "Complaint") filed by Plaintiff JOSE MANUE CAJILEMA ("Plaintiff") as follows:

## NATURE OF CASE

1.      Paragraph 1 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 1 but admits that Plaintiff commenced this action under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the N.Y. Comp. Codes R. & Regs. ("NYCRRR") and that Plaintiff is a former employee of Barrett.

2.      Paragraph 2 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies that he required Plaintiff to work more than forty hours per workweek, admits that Plaintiff worked for Barrett, but otherwise denies knowledge or information sufficient to form a belief as to the other allegations set forth in Paragraph 2.

3.      Paragraph 3 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations in Paragraph 3, including that Barrett performed any act or omissions concerning legal compliance for any of its employees.

4.      Paragraph 4 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations in Paragraph 4,

5.      Paragraph 5 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey admits that Plaintiff states commenced this action on behalf of himself and allegedly others pursuant to FLSA but otherwise denies the allegations in Paragraph 5, including, but not limited to, the allegation that Barrett is in violation of any rule, regulation, or statute.

6.      Paragraph 6 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey admits that Plaintiff commenced this action on behalf of himself and allegedly on the behalf of others pursuant to NYLL and NYCRR, but otherwise denies the allegations in Paragraph 6, including, but not limited to, the allegation that Barrett is in violation of any rule, regulation, or statute.

## JURSDICTION AND VENUE

7.      Paragraph 7 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey neither admits nor denies the allegations set forth in Paragraph 7.

8.      Paragraph 8 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey admits only that Plaintiff invokes venue in the Court under the statute listed in Paragraph 8, but denies that any events or omissions took place that would give rise to or otherwise support venue in this Court.

**PARTIES**

9.      Delancey denies the allegations contained in Paragraph 9, but admits that Plaintiff worked for Barrett.

10.      Delancey denies the allegations contained in Paragraph 10, but admits that Barrett is a New Jersey corporation.

11.      Delancey denies information of knowledge sufficient to form a belief as to the allegations set forth in Paragraph 11.

12.      Paragraph 12 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey admits that Barrett's annual business revenue exceeds $500,000 and otherwise neither admits nor denies the allegations contained in Paragraph 12 to the extent that it is not ascertainable to which time period(s) the allegations refer.

**COLLECTIVE ACTION ALLEGATIONS**

13.      Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 13, but admits that Plaintiff has commenced suit pursuant to FLSA.

14.      Paragraph 14 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 14, but admits that Plaintiff commenced suit pursuant to FLSA.

15.      Paragraph 15 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 15.

16.      Paragraph 16 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 16.

## RULE 23 CLASS ALLEGATIONS

17.     Paragraph 17 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 17 but admits that Plaintiff is seeking to maintain this action as a class action pursuant to FRCP Rule 23.

18.     Paragraph 18 sets forth a legal conclusion to which no response is required.

19.     Paragraph 19 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey admits that Plaintiff is seeking to maintain this action as a class action pursuant to FRCP Rule 23 but otherwise denies the allegations contained in Paragraph 19, including, but not limited to, the allegation that the certification Plaintiff seeks is proper.

### Numerosity

20.     Paragraph 20 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 20.

### Common Questions of Law and/or Fact

21.     Paragraph 21 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 21.

### Typicality of Claims and/or Defenses

22.     Paragraph 22 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 22, but admits that Plaintiff worked for Barrett.

### Adequacy

23.     Paragraph 23 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 23, but admits that Plaintiff worked for Barrett.

24.     Paragraph 24 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey neither admits nor denies the allegations in Paragraph 24.

<u>Superiority</u>

25.     Paragraph 25 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 25.

26.     Paragraph 26 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 26.

27.     Paragraph 27 sets forth a legal conclusion to which no response is required. To the extent a response if required, Delancey denies the allegations contained in Paragraph 27.

**<u>BACKGROUND FACTS</u>**

28.     Delancey denies the allegations contained in Paragraph 28 except to admit that Barrett operates a roofing business that performs roofing projects in New York and New Jersey.

29.     Delancey denies the allegations contained in Paragraph 29 except to admit that Plaintiff worked at Barrett. Delancey otherwise denies information of knowledge sufficient to form a belief as to the allegations contained in Paragraph 29.

30.     Delancey denies the allegations contained in Paragraph 30.

31.     Delancey denies the allegations contained in Paragraph 31.

32.     Delancey denies the allegations contained in Paragraph 32.

33.     Delancey neither admits nor denies the allegations contained in Paragraph 33.

34.     Delancey neither admits nor denies the allegations contained in Paragraph 34.

35.     Delancey neither admits nor denies the allegations contained in Paragraph 35 except to admit that Barrett paid Plaintiff on a weekly basis.

36.     Delancey denies the allegations contained in Paragraph 36.

37.     Delancey denies the allegations contained in Paragraph 37.

38.     Paragraph 38 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 38.

39.     Delancey denies the allegations contained in Paragraph 39.

40.     Paragraph 40 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 40.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

41.     Delancey repeats and realleges the responses to Paragraphs 1 through 40 of the Complaint as is fully set forth herein.

42.     Paragraph 42 sets forth a legal conclusion to which no response is required.

43.     Paragraph 43 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 43.

44.     To the extent that Paragraph 44 calls for a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 44.

45.     Paragraph 45 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 45.

46.     To the extent that Paragraph 46 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 46.

47.     To the extent that Paragraph 47 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 47.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

48.     Delancey repeats and realleges the responses to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     Paragraph 49 sets forth a legal conclusion to which no response is required.

50.     Paragraph 50 sets forth a legal conclusion to which no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 50.

51.     To the extent that Paragraph 51 calls for a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 51.

52.     To the extent that Paragraph 52 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 52.

53.     To the extent that Paragraph 53 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 53.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

54.     Delancey repeats and realleges the responses to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     Paragraph 55 sets forth a legal conclusion to which no response is required.

56.     To the extent that Paragraph 56 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 56.

57.     To the extent that Paragraph 57 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 57.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

58.     Delancey repeats and realleges the responses to Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     Paragraph 59 sets forth a legal conclusion to which no response is required.

60.     To the extent that Paragraph 60 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 60.

61.     To the extent that Paragraph 61 sets forth a legal conclusion, no response is required. To the extent a response is required, Delancey denies the allegations contained in Paragraph 61.

### OBJECTION TO DEMAND FOR A JURY TRIAL

62.     To the extent that Paragraph 62 calls for a legal conclusion, no response is required. To the extent a response is required, Delancey does not consent to a trial by jury of any issue not required by law to be tried to a jury, including but not limited to, any determination of equitable remedies.

### ANSWER TO PRAYER FOR RELIEF

63.     Delancey denies that Plaintiff is entitled to (on behalf of himself, or any other individuals), the relief set forth in the "PRAYER FOR RELIEF" paragraph of the Complaint and each sub-paragraph thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATION DEFENSE

64.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATION DEFENSE

65.     Barrett has fully compensated Plaintiff, and/or all other allegedly similarly-situated Plaintiffs, for all work performed.

### THIRD AFFIRMATION DEFENSE

66.     Plaintiff's claims for relief and the claims of any other allegedly similarly-situated Plaintiffs are or may be barred, in whole or in part, by the equitable doctrine of waiver, estoppel, and/or unclean hands.

### FOURTH AFFIRMATION DEFENSE

67.     Plaintiff's claims for relief and the claims of any other allegedly similarly-situated Plaintiffs are or may be barred to the extent that they were not filed within the applicable statutes of limitations.

### FIFTH AFFIRMATION DEFENSE

68.     One or more acts or omissions complained of on the part of Barrett and Delancey were in good faith, in conformity with, and/or in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the United States Department of Labor, and/or an administrative practice, or enforcement policy of such agency.

### SXITH AFFIRMATION DEFENSE

69.     Barrett and Delancey had reasonable grounds for believing that any act or omission complained of on its part was not a violation of the FLSA.

## SEVENTH AFFIRMATION DEFENSE

70.     To the extent that Barrett and Delancey are found to have violated the New York Labor Law, they had a good faith basis to believe that any underpayment of wages was in compliance with the law.

## EIGHTH AFFIRMATION DEFENSE

71.     Some, or all of the time, that Plaintiff and any allegedly similarly-situated Plaintiffs claim to have worked is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

## NINTH AFFIRMATION DEFENSE

72.     Plaintiff's claims and the claims of any allegedly similarly-situated Plaintiffs are barred to the extent that the time periods for which they are claiming entitlement to compensation fall within the *de minimis* exception to the applicable laws.

## TENTH AFFIRMATION DEFENSE

73.     Plaintiff's claims and the claims of any allegedly similarly-situated Plaintiffs are barred to the extent that they are covered by a prior compromise or release of claims.

## ELEVENTH AFFIRMATION DEFENSE

74.     Plaintiff's claims and the claims of any allegedly similarly-situated Plaintiffs are barred to the extent that they are covered by an agreement to arbitrate.

## TWELTH AFFIRMATION DEFENSE

75.     Plaintiff is not similarly situated to some, or all of the individuals that Plaintiff seeks to represent for purposes of the FLSA.

## THIRTEENTH AFFIRMATION DEFENSE

76.     The Complaint fails to state a claim upon which liquidated damages or attorneys' fees may be awarded.

## FOURTEENTH AFFIRMATION DEFENSE

77.     Barrett and Delancey are exempt from coverage under the FLSA and/or NYLL.

## FIFTEENTH AFFIRMATION DEFENSE

78.     If Barrett and/or Delancey are found to have violated the FLSA and/or the NYLL, such violation(s) was not willful.

## SIXTEENTH AFFIRMATION DEFENSE

76. If Barrett and/or Delancey are found to have violated the FLSA and/or the NYLL, such violation(s) is mitigated by Barrett and Delancey acting in good faith pursuant to § 11 the Portal-to-Portal Act, 29 U.S.C. § 251 et seq.

## SEVENTEENTH AFFIRMATION DEFENSE

79.     One or more of Plaintiff's claims, brought on behalf of himself and/or putative members of a purported collective for a collective action, cannot and should not be maintained as a collective action, as those claims fail to meet the necessary requirements to obtain collective action certification, including conditional certification and by virtue of Plaintiff receiving full and complete payment for work performed.

## EIGHTEENTH AFFIRMATION DEFENSE

80.     Barrett and Delancey are entitled to offset monies or other consideration paid or provided to Plaintiff for any hours that Plaintiff did not work.

## NINETEENTH AFFIRMATION DEFENSE

81.     Plaintiff's claims and the claims of any allegedly similarly-situated Plaintiffs are barred to the extent they are barred by the Statute of Frauds.

## TWENTIETH AFFIRMATION DEFENSE

82.     Delancey and Barrett reserve the right to assert such other additional affirmative defenses that may become known to them through discovery.

WHEREFORE, Defendant Thomas Delancey respectfully requests that this Court:

(1) Dismiss the Complaint, and Plaintiff's claims therein, with prejudice and in their entirety;

(2) Deny collective action status;

(3) Deny each and every prayer of the Complaint;

(4) Find against Plaintiff and in favor of Thomas Delancey on every count;

(5) Award Thomas Delancey his costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(6) Grant Thomas Delancey such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 23 2023

By:

Bernard J. Vaughan
*Attorney for Defendant Thomas Delancey*

4161 South U.S. Highway One
Jupiter, Florida 33477
Telephone 908-531-4773
email vaughanbjv@gmail.com