UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE MANUEL CAJILEMA, on behalf of
himself and all others similarly situated,

                       Plaintiff,                                    **MEMORANDUM**
                                                                    **AND OPINION**
     -against-                                     CV 23-0080 (GRB) (AYS)

BARRETT ROOFS, INC., and THOMAS
DELANCEY, individually,

                       Defendants.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

       Plaintiff, Jose Manuel Cajilema ("Plaintiff" or "Cajilema"), commenced this action, on behalf of himself and others similarly situated, pursuant to the Fair Labor Standards Act of 1938, 29 USC §§ 201, et seq. ("FLSA"), the New York Labor Law, Article 19 §§ 633, 652, and Article 6 §§ 190 et seq. ("NYLL"), and 12 New York Codes, Rules and Regulations §§ 142-2.2 ("NYCRR"). Plaintiff seeks unpaid wages, overtime compensation and other damages. Named as defendants are Barrett Roofs, Inc. ("Barrett Roofs") and Thomas Delancey ("Delancey") (collectively, "Defendants").

       Presently before the Court is Plaintiff's motion to have this matter proceed conditionally as a collective action, pursuant to 29 U.S.C. § 216(b). In the event that this Court grants Plaintiff's motion for conditional certification, Plaintiff seeks approval of a form of notice advising members of the collective of their right to opt-in to this action and authorizing the sending of notice of the collective action. Defendants oppose the motion in its entirety.

       For the reasons set forth below, Plaintiff's motion to proceed as a conditional collective action is granted. The collective action shall consist of all current and former manual laborers who performed work for Defendants in New York at any time between January 5, 2020 and the

1

present, and did not receive overtime compensation at a rate of time and one-half their regular rate of pay for all hours worked in excess of forty in a workweek. Notice shall be disseminated in the form proposed by Plaintiff to all manual laborers employed by Defendant throughout New York at any time from January 5, 2020 to the present. The form of notice shall consist of mail, email, and text-message, with reminder notices sent thirty days prior the end of the opt-in period. The opt-in period for potential plaintiffs shall be sixty days. As such, Defendants are directed to provide Plaintiff with, to the extent known, the names, mailing addresses, telephone numbers, dates of employment, locations of employment, and work and personal email addresses of all employees who may be potential plaintiffs herein within fourteen (14) days of the date of this Order.

## BACKGROUND

### I. Facts Considered in the Context of this Motion

The facts summarized below are drawn from the submissions of the parties as described below. Plaintiff relies on the allegations set forth in the Complaint, (Docket Entry ("DE") [1]), as well as his own declaration and a copy of his pay stub for the period October 5, 2022 through October 11, 2022. (DE [36-4], [36-5].) In response, Defendants submit the factual declarations of Defendant Delancey, an employee of Defendant Barrett Roofs since 2019, (DE [37]), and Anastasios Pavlou, the Chief Operating Officer of Barrett Roofs. (DE [37].)

### II. The Parties and the Factual Allegations of the Complaint

Defendant Barrett Roofs is a New Jersey corporation with its principal place of business in South Hackensack, New Jersey. (Compl. ¶ 10.) Barrett Roofs is a roofing business that performs roofing projects in New York and New Jersey. (Id. ¶ 28.) Plaintiff alleges that Defendant Delancy is the co-owner and general manager of Barrett Roofs. (Id. ¶ 11.) In this

2

role, Delancey supervised Barrett Roofs' employees' day-to-day activities and possessed authority to hire and fire Barrett Roofs' employees. (Id.) Delancey hired Plaintiff, as well as terminated his employment, maintained Plaintiff's employment records, and paid him his wages. (Id.)

Plaintiff was employed as a manual laborer for Barrett Roofs from 2009 to December 2, 2022, when his employment was terminated. (Id. ¶ 29.) As a manual laborer, Plaintiff performed work that mainly consisted of installing and repairing roofs on residential and commercial buildings, predominantly working on a project located at 230 Hanse Avenue in Freeport, New York. (Id.) Throughout his employment, Defendants required Plaintiff to routinely work five to seven days per week, from 7:00 a.m. to anywhere from 8:00 p.m. to 10:00 p.m., with one-half hour lunch break each day. (Id.) Accordingly, Plaintiff routinely worked anywhere from sixty-two and one-half hours to eighty-seven and one-half hours per week. (Id. ¶ 30.)

During the course of his employment, Defendants paid Plaintiff at various hourly rates, which Plaintiff was told varied based upon the job he was working. (Id. ¶ 31.) In multiple workweeks, Defendants paid Plaintiff different hourly rates for hours worked during the same workweek. (Id.) Plaintiff alleges that when the hours he worked exceeded forty in a workweek, Defendants failed to pay him overtime compensation for the hours worked in excess of forty. (Id.)

Defendants paid Plaintiff on a weekly basis by check. (Id. ¶ 35.) However, Defendants failed to provide Plaintiff with a wage statement that accurately listed his overtime hours worked and his overtime rate of pay. (Id. ¶ 36.) Defendants also failed to provide Plaintiff with a wage notice at the time of hire. (Id. ¶ 37.)

### III. Claims Alleged in the Amended Complaint and the Proposed Collective

Plaintiff's first cause of action alleges that Defendant violated the FLSA by willfully failing to pay him and putative collective members overtime for all hours worked in excess of forty hours per workweek. (Id. ¶¶ 41-47.) The second cause of action alleges a parallel unpaid overtime wage claim pursuant to the NYLL. (Id. ¶ 48-53.) The third cause of action alleges that Defendants failed to provide proper wage statements to Plaintiff and the putative collective members in violation of the NYLL. (Id. ¶¶ 54-57.) Finally, the fourth cause of action alleges Defendants' failure to furnish Plaintiff and the putative collective members with wage notices at the time of hire, in violation of the NYLL. (Id. ¶¶ 58-61.)

Plaintiff seeks to pursue this matter as an FLSA collective action that includes all current and former manual laborers who performed work for Defendants in New York at any time between January 5, 2020 to the present. (Pl. Not. of Mot. for Conditional Certification, DE [36], 1.) Members of the proposed collective action are alleged to have been subjected to the same unlawful policy as Plaintiff in that they, like he, worked hours for which they were not compensated in violation of the FLSA's overtime wage provisions. Defendants' conduct with respect to the improper payment of wages and failure to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and putative collective members, is alleged to be willful. (Compl. ¶ 45.) In furtherance of the request to proceed as a collective action, Plaintiff requests court-authorized notice be disseminated to the putative collective members to notify them of the pendency of this action, and of their rights under the FLSA. (Id., Wherefore Clause ¶ d.)

IV.  Plaintiff's Motion and Supporting Documentation

As noted, Plaintiff seeks conditional certification of this matter as an FLSA collective action, and to have notice of the pendency of this action (and the right to opt in) disseminated to all potential members of the proposed collective action. The individuals to whom notice is proposed to be sent are described as "current and former manual laborers who performed work for Defendants in New York at any time between January 5, 2020, and the present, and did not receive overtime compensation at a rate of time and one-half their regular rate of pay for all hours over forty that they worked in a workweek." (Pl. Not. of Mot. of Conditional Certification, 1.) Plaintiff seeks a three-year time period for the FLSA collective action plus he requests that the statute of limitations be tolled from the date the Complaint was filed – January 5, 2023 – through the date of this Order. (Pl. Mem. of Law in Support of Mot. for Conditional Certification 19.) In support of the motion, Plaintiff submits, as noted above, his declaration and a copy of his pay stub for the period October 5, 2022 through October 11, 2022.

Plaintiff's declaration states that he was employed by Defendants as a manual laborer from 2009 to December 2, 2022. (Cajilema Decl. ¶ 3.) Throughout his employment, Plaintiff routinely worked five to seven days per week, from 7:00 a.m. to anywhere from 8:00 p.m. to 10:00 p.m., with one-half hour lunch break each day. (Id. ¶ 5.) In a typical workweek, Plaintiff worked anywhere from sixty-two and one-half hours to eighty-seven and one-half hours per week. (Id. ¶ 6.) Plaintiff was paid at different hourly rates by Defendants, which he was told changed based upon the job that he was working. (Id. ¶ 7.) Defendants routinely paid Plaintiff at different hourly rates for hours worked during the same workweek. (Id.) Regardless of the hourly rate he received, Plaintiff was not paid one and one-half times his hourly rate for hours worked in excess of forty in a workweek. (Id.)

5

Plaintiff states that Defendants routinely undercounted the hours he worked on a weekly basis, resulting in him not receiving any pay for some of the hours he worked. (Id. ¶ 8.) For example, during the workweek of October 5, 2022 through October 11, 2022,[1] Plaintiff received one paycheck showing thirty-five hours worked at a rate of $46.10 per hour and another paycheck showing ten hours worked at a rate of $22.00 per hour. (Id. ¶ 9.) Plaintiff further states that Defendants did not maintain contemporaneous time records, such as a time clock or sign-in sheets, to keep track of actual time worked by employees. (Id. ¶ 10.)

While employed by Defendants, Plaintiff worked with and observed many other manual laborers working on the same projects that he was assigned to who performed similar duties as Plaintiff. (Id. ¶ 11.) Based on Plaintiff's observations, as well as conversations with other employees regarding pay, Plaintiff states that other employees of Defendants were subjected to the same unlawful pay practice. (Id.) Plaintiff provides the names of four co-workers, all manual laborers, who he spoke with: (1) Fernando Huaman; (2) Marco Tamay; (3) Manuel Cabrera; and, (4) Victor Michela. (Id. ¶¶ 11-14.)

In addition, Plaintiff states that on June 11, 2024, he spoke with Fernando Nicolas ("Nicolas"), a former manual laborer employed by Defendants who now lives in Mexico. (Id. ¶ 15.) Nicolas told Plaintiff that he was never paid overtime compensation for hours worked in excess of forty and that he worked similar hours to Plaintiff. (Id.)

V.   Defendants' Opposition

Defendants oppose Plaintiff's motion in its entirety, on the ground that Plaintiff fails to demonstrate that he is similarly situated to other potential class members. (Def. Mem. of Law in

---

[1] Plaintiff's declaration states the dates October 5, 2023 through October 11, 2023. (Pl. Decl. ¶ 9.) The Court assumes this is a typographical error since Plaintiff's employment with Defendants terminated in December 2022.

6

Opp'n 4-7.) Defendants further argue that Plaintiff fails to set forth any evidence of a common illegal policy, practice or scheme that affects all current and former Barrett Roofs' employees. (Id. 7-8.) Finally, Defendants assert that even if the Court conditionally certifies a collective action, the scope of the collective should be limited to "employees of Barrett Roofs, Inc. who specifically worked on Plaintiff's 'crew', at the same job site locations, with the same supervisor(s) as Plaintiff" and that the time period should be limited to November 2022 through December 2, 2022, when Plaintiff's employment terminated. (Id. 8-10.)

In support of their position, Defendants rely on the declarations of Defendant Delancey and Anastasios Pavlou ("Pavlou"), the Chief Operating Officer of Barrett Roofs. Both declarations state that it was Barrett Roofs' practice to pay employees, including Plaintiff, for all hours worked. (Delancey Decl. ¶ 5; Pavlou Decl. ¶ 4.) Both Delancey and Pavlou further state that they are not aware of Plaintiff working hours for which he was not compensated; nor did he ever report that he worked uncompensated hours. (Delancey Decl. ¶ 7; Pavlou Decl. ¶ 6.) Both declarations also state that neither Delancey nor Pavlou are aware of any other employees of Barrett Roofs complaining to the company about their compensation. (Delancey Decl. ¶ 8; Pavlou Decl. ¶ 7.) Finally, Pavlou states in his declaration that, for each pay period, the foreman or the supervisor on the job site submitted timesheets showing the hours worked by each member of the site crew and that each employee's compensation was based on the timesheets submitted by the supervisor. (Pavlou Decl. ¶¶ 11-12.)

Having set forth the parties' positions and supporting documentation, this Court now turns to the merits of the motion.

DISCUSSION

I.      Conditional Collective Action Certification: Legal Principles

The FLSA imposes liability upon employers that violate the statute's minimum wage and overtime compensation provisions. See 29 U.S.C. §§ 206-207. Section 216(b) of that statute provides an employee with a private right of action to recover overtime compensation and/or minimum wages on behalf of himself, as well as other similarly situated employees. Such similarly situated employees may become parties to an FLSA action upon giving consent in writing to become parties, which consent is filed in the court in which the action is brought. See 29 U.S.C. § 216(b); Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective. See Mongiove v. Nate's Corp., No. 15-CV-1024, 2016 WL 590460, at * 1 (E.D.N.Y. Feb. 11, 2016). First, the court determines whether the proposed class members are similarly situated with respect to the alleged FLSA violations. See Myers v. Hertz, 624 F.3d 537, 554-55 (2d Cir. 2010); Wang v. Shun Lee Palace Rest., Inc., No. 17-CV-0840, 2018 WL 3155835, at *3 (S.D.N.Y. June 28, 2018); Jin v. Shanghai Original, Inc., No. 16-cv-5633, 2018 WL 1597389, at *5 (E.D.N.Y. Apr. 2, 2018); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2007). If the court decides the similarity question in the affirmative, appropriate notice is sent and members of the collective may thereafter "opt-in" by consenting in writing to be bound by the result of the suit. See Sultonmurodov v. Mesivta of Long Beach, No. 15-CV-1654, 2015 WL 9273948, at *2 (E.D.N.Y. Dec. 17. 2015); Rubery, 569 F. Supp. 2d at 336; see also 29 U.S.C. § 216(b).

The second step, which typically occurs after the completion of discovery, requires the court to make renewed factual findings as to whether the class members are actually similarly

8

situated. See Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Bifulco, 262 F.R.D. at 212 (quotations and citations omitted). In the event that they are not, "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." Id. (quoting Rubery, 569 F. Supp. 2d at 336); see also Jin, 2018 WL 1597389, at *5.

The instant motion concerns only the first step, i.e., whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," Castillo v. Perfume Worldwide Inc., No. 17-2972, 2018 WL 1581975, at *3 (E.D.N.Y. Mar. 30, 2018) (quoting Bifulco, 262 F.R.D. at 212), and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013).

Importantly, the issue of "similarly situated" refers not to similarity of job duties, but to similarity in pay structure. Thus, courts in this district and elsewhere routinely reject attempts to limit certification based on alleged dissimilarity of job function. See, e.g., Ritz v. Mike Rory Corp., No. 12 CV 367, 2013 WL 1799974, at *2 (E.D.N.Y. Apr. 30, 2013) (rejecting limiting conditional class to bartenders and instead, including all tipped service workers in conditional class); Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named plaintiffs); Iglesias-Mendoza v. La Belle Farm,

9

Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions). Additionally, it is well-recognized that the burden at the conditional certification stage is so low that even Plaintiff's lone affidavit setting forth a common payment scheme may suffice. See Sultonmurodov, 2015 WL 9273948, at *2; see also Cruz v. Ultimate Care, Inc., No. 22-CV-7520, 2024 WL 1342742, at *2 (E.D.N.Y. Mar. 29, 2024) (stating that Plaintiff's burden may be met "by relying on [a plaintiff's] own pleadings and affidavits").

II.     The Motion for Conditional Certification is Granted

Defendants oppose the motion on the ground that Plaintiff's submission fails to sustain even the limited burden of proof necessary for notice of a collective action to be sent, arguing that Plaintiff is not similarly situated to other putative FLSA collective members and that Plaintiff has not demonstrated a common unlawful compensation policy. The Court disagrees. Plaintiff has set forth sufficient facts to support the modest factual showing that Defendants' employees were subject to a common policy of not being compensated for hours worked in excess of forty per week.

Defendants' opposition is premised on the argument that Plaintiff's affidavit contains materially false statements that are contradicted by the declarations of current employees of Defendants submitted in opposition to the within motion – Delancey and Pavlou. However, this is not the inquiry at this stage of the litigation. "The relevant issue here . . . is not whether Plaintiff[] and potential opt-in plaintiffs [are] identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week." Zaniewski v. PRRC Inc., 848 F. Supp. 2d 213 (D. Conn. 2012).

Plaintiff is seeking only conditional certification and thus, "a fact-intensive inquiry is inappropriate at the notice stage . . . ." Id.

Deposition testimony corroborating Plaintiff's affidavit will be more availing at the next stage of this litigation, which will take place at the close of factual discovery. At that time, if requested, the Court will make renewed factual findings to determine whether Plaintiff is actually similarly situated to other employees. See Marin v. Apple-Metro, Inc., No. 12 CV 5274, 2014 WL 11035376, at *7 (E.D.N.Y. July 29, 2014) ("After discovery, the class 'may be decertified if the record reveals that they are not [similarly situated] . . . .'") (citation omitted). At this stage however, Defendants' opposition papers serve only to create a question of fact; they do not, as a matter of law, defeat the motion for conditional certification as "the merits of plaintiff['s] claims are not at issue on a motion for conditional certification." Marin, 2014 WL 11035376, at *7 (quoting Laroque v. Domino's Pizza, 557 F. Supp. 2d 346, 345 (E.D.N.Y. 2008)); see also Lujan v. Cabana Mgmt., Inc., No. 10-CV-755, 2011 WL 317984, at *6 (E.D.N.Y. Feb. 1, 2011) (finding that defendants' evidentiary showing was "at a minimum, a 'contested area of fact requiring discovery, and not a basis for denying conditional certification'") (citation omitted).

Accordingly, Plaintiff's motion for conditional certification of a collective action is granted.

III.   Notice

    A.   Scope of Notice

Plaintiff seeks to send notice of this lawsuit to all current and former manual laborers who performed work for Defendants in New York at any time between January 5, 2020 and the present. Such a time period represents three years preceding the filing of the Complaint,

11

plus 712 days for which Plaintiff requests tolling of the statute of limitations. (Pl. Mem. of Law 17-19.) Defendants oppose this request and argue that the scope of the collective should be limited to employees of Defendants "who specifically worked on Plaintiff's 'crew', at the same job site locations, with the same supervisor(s) as Plaintiff." Defendants further argue that the time period should be limited to November 2022 through December 2, 2022, when Plaintiff's employment with Defendants terminated. (Def. Mem. of Law in Opp'n 9.) This Court agrees with Plaintiff in that the scope of notice shall be three years preceding the filing of the Complaint and that the statute of limitations should be tolled from the date the Complaint was filed through the date of this decision.

Although the FLSA's statute of limitations ordinarily runs from the date an opt-in files a consent form, where plaintiffs have diligently pursued their claims, some courts have equitably tolled the statute of limitations while a motion for conditional certification is pending before the court. See Barry v. S.E.B. Serv. of N.Y., Inc., No. 11-CV-5089, 2013 WL 6150718, at *10 (E.D.N.Y. Nov. 22, 2013) (citing McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. Apr. 9, 2012)). Courts have discretion to equitably toll the limitations period in appropriate cases in order "to avoid inequitable circumstances." Yahraes v. Restaurant Assocs. Events Corp., No. 10-CV-935, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011). As the court stated in McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." Id. at 445 (quoting Yahraes, 2011 WL 844963, at *2 (collecting cases)).

12

Here, Plaintiff initially sought to make his motion for conditional certification in July 2023, shortly after filing the Complaint. (DE [15].) This Court denied the motion without prejudice to renewal on July 18, 2023. Thereafter, the case was sent to mediation, which was ultimately unsuccessful, and Plaintiff promptly sought leave to refile his motion for conditional certification thereafter. Accordingly, this Court finds equitable tolling to be warranted here. Based on the foregoing, Plaintiff's proposed notice shall be disseminated to all current and former manual laborers who performed work for Defendants in New York at any time from January 5, 2020 to the present.

B. Form of Notice

Plaintiff proposes disseminating notice by mail, e-mail, and text message, with reminder notices issuing thirty days prior to the end of the opt-in period, allowing potential plaintiffs sixty days during which to determine whether to opt in. (Pl. Mem. of Law 20.) Defendants do not address Plaintiff's proposal in their opposition to the within motion, instead requesting that "they be permitted to promptly submit a counter-proposed notice and consent form consistent with this Court's decision." (Def. Mem. of Law in Opp'n 10.) Defendants' request is denied. The time to submit a counter-proposed notice and consent form was in conjunction with the briefing of the within motion. Plaintiff's proposed notice, (DE 37], is adopted and Plaintiff is permitted to distribute notice of this action by means of mail, email, and text-message. This court also grants Plaintiff's request to issue reminder notices thirty days before the end of the opt-in period and further specifies a sixty-day opt-in period for potential plaintiffs.

While the typical methods for disseminating notice to putative collective action members are through the United States mail and by posting hard copies at Defendants' places of

13

business, see, e.g., Trinidad, 962 F. Supp. 2d at 564; Malloy v. Richard Fleischman & Assocs., Inc., No. 09-cv-322, 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009), such measures are no longer the only ways to communicate with potential plaintiffs. See Valdez v. MichPat & Fam, LLC, 20-CV-2570, 2022 WL 950450, at *15 (E.D.N.Y. Mar. 30, 2022) ("Objections to notice by e-mail and text message are 'quite outdated and not in touch with the reality of current life in the United States of America.'"); see also Millin v. Brooklyn Born Chocolate, LLC, No. 19-CV-3346, 2020 WL 2198125, at *3 ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA."). As such, this Court grants notice by means of traditional mailing, as well as via email and text message.

With respect to Plaintiff's second request – to issue reminder notices thirty days prior to the end of the opt-in period – courts in this district routinely authorize such reminder notices. See Valdez, 2022 WL 950450, at *16 ("Reminder notices are appropriate '[g]iven that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in[.]") (alterations in original). See also Williams v. Movage, Inc., 17 Civ. 2628, 2018 WL 1940435, at *10 (S.D.N.Y. Apr. 24, 2018) (collecting numerous cases in this Circuit where courts have consistently authorized these types of reminder notices). This Court sees no reason to deviate from the common practice in this circuit of permitting plaintiffs to issue reminder notices thirty days prior to the end of the opt-in period. As such, Plaintiff's request for reminder notices is granted.

With respect to Plaintiff's third request – for a sixty-day opt-in period – "[c]ourts often grant 60-day opt-in periods . . . where the record suggests that the proposed collective is modest in number." Villalta v. 101-11 86 Ave. Corp, 20-CV-0249, 2022 WL 462408, at *9 (E.D.N.Y.

Feb. 15, 2022) (authorizing sixty-day notice period). In light of the fact that Defendants have offered no opposition this request, a sixty-day opt-in period is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification as an FLSA collective action, pursuant to Section 216(b) of the FLSA, is granted. The collective action shall consist of all current and former manual laborers who performed work for Defendants in New York at any time between January 5, 2020 and the present. Plaintiff's proposed notice is approved and notice shall be disseminated via traditional mail, email, and text-message, with reminder notices issued thirty days prior to the end of the opt-in period. The opt-in period for potential opt-in plaintiffs shall be sixty days. Defendant is directed to provide Plaintiff with the names, mailing addresses, telephone numbers, dates of employment, locations of employment, and work and personal email addresses of all employees who may be potential plaintiffs herein within fourteen (14) days of the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
       December 17, 2024

                                                /s/ Anne Y. Shields
                                                Anne Y. Shields
                                                United States Magistrate Judge