# BNR
## Berlandi Nussbaum & Reitzas LLP
### Attorneys at Law

125 Park Avenue | 25th Floor  
New York, New York 10017

Telephone: 212-804-6329  
Facsimile: 646-461-2312

www.bnrllp.com

January 9, 2025

**_VIA ECF_**

The Honorable Anne Y. Shields  
United States Magistrate Judge for the  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

      Re:      ***Barrett Roofs, Inc., et al adv. Cajilema*** **(Dkt. No. 23-cv-0800 (GRB) (AYS))**

Dear Judge Shields:

      This firm represents Defendant Barrett Roofs, Inc. ("**Barrett**" or "**Defendant**") in the above-referenced matter. We respectfully submit this letter in response to Plaintiff Jose Manuel Cajilema's ("**Plaintiff**") motion for emergency relief and sanctions. Plaintiff's allegations are both factually and legally unsupported. Accordingly, we request that the Court deny Plaintiff's motion for the following reasons:

1. Defendant has made all discovery disclosures in a timely and forthright manner; and

2. Any delay in notifying Plaintiff of concurrent NYDOL investigations arose from an internal miscommunication among Defendant's counsel, which has since been remedied.

**I.**      **Factual Background**

      Plaintiff's motion is based on several incorrect assumptions. First, Defendant's participation in an ongoing New York Department of Labor ("**NYDOL**") investigation is not an attempt to undermine this Court's jurisdiction over the present case. Not only is this assumption unfounded, it ignores the distinct nature of the NYDOL investigation, which is completely independent of the collective action pending before this Court. Moreover, the investigation is ongoing and will continue irrespective of this proceeding.

      Plaintiff argues that it is "incomprehensible" that Defendant's counsel was unaware of the NYDOL investigation until December 27, 2024. *See*, Dkt. No. 39, p.4. The sole basis for that assertion is Defendant's joint response to "Plaintiff's Request No. 35," which sought "documents consisting, containing or evidencing investigations, rulings, decisions or opinions rendered by any federal or state court or administrative agency, relating to the issue of whether Plaintiff was paid in compliance with federal or state laws." At the time of the response, Defendant and Co-

Defendant were not aware of any such documents, but reserved the right to amend, clarify, or supplement as appropriate. These statements were accurate at the time of filing, because no decision in the investigation had been rendered.

That statement in Response 35 was accurate as of October 31, 2024, and both Defendant's counsel and Co-Defendant's counsel were unaware of the investigation at this time. However, the NYDOL investigation did indeed exist, but no decision had been rendered. The lack of awareness stemmed from the investigation being handled exclusively by attorney Brian Berlandi and his transactional group at Berlandi Nussbaum & Reitzas LLP ("**BNR**"). Meanwhile, BNR's litigation practice group was responsible for the matter before this Court, and for the reasons set forth in the attached *Affirmation of Mr. Berlandi*, remained unaware of any overlap in the two matters.

Mr. Berlandi discovered the potential overlap upon reviewing NYDOL audit reports and proposed settlement terms, revealing that Plaintiff was involved in three of the audited projects. On December 27, 2024, Mr. Berlandi notified the undersigned counsel of this overlap. Contrary to Plaintiff's counsel's claims of a "cover-up," we promptly informed Plaintiff's counsel ***the same day***, without prompting, and immediately updated our discovery responses accordingly. In other words, this is not a case where Plaintiff's counsel "discovered" a misrepresentation as the motion implies. This is a case where Defendant immediately amended a prior answer upon discovery of contrary information.

There has never been any intent to conceal the NYDOL investigation whatsoever. Although Defendant disclosed it after their initial responses to discovery, there was no intention to delay or withhold information. This Court has already denied Plaintiff's request to enjoin Defendant from entering into a stipulated settlement. To the extent Plaintiff's counsel believes it should intervene in an entirely separate matter unrelated to this action, Defendant remains open to that separate discussion. In fact, we attempted to do so before this motion was filed but were unable to proceed due to Plaintiff's counsel's lack of cooperation. (*See* annexed emails with Plaintiff's counsel, dated December 27, 2024.)

Plaintiff conflates two distinct issues by suggesting that Defendant's communication with Plaintiff equates to withholding an active investigation in which Plaintiff has limited involvement. Meanwhile, Plaintiff and his counsel continue to allege disingenuous conduct regarding the motion for certification. They appear more focused on posturing before this Court than reaching a resolution. Other than the additional exhibits requested by Plaintiff's counsel on January 8, 2025—which Defendant is actively searching for—Defendant is unaware of any outstanding discovery deficiencies.

Request No. 35, as cited in Plaintiff's Motion, seeks materials referenced in a rendered opinion or order. As of this date, the NYDOL has issued no decision. Nonetheless, in a good-faith effort to acknowledge that this request relates to the NYDOL, we amended our response before this motion was even filed.

On December 28, 2024—one day after Defendant's counsel disclosed the NYDOL investigation—Plaintiff's counsel alleges that he spoke with the NYDOL. Although there was an opportunity to address Plaintiff's concerns at that time, Plaintiff's counsel declined to schedule a call, despite our repeated requests. (*See* annexed emails with Plaintiff's counsel, dated December

27, 2024.) Further, on January 6, 2025, during a group conference call, Ms. Samar Mazahreh indicated she had no contact information for Plaintiff, even though Plaintiff's counsel purportedly reached out on December 28, 2024. Meanwhile, Defendant's counsel has deliberately refrained from finalizing any settlement with the NYDOL to accommodate both the Court's and Plaintiff's concerns that such an agreement might "dispose[] of this action." (See Dkt. No. 39, p.1.)

## II.     Discovery Disclosures

Defendant has consistently adhered to their discovery obligations under the Federal Rules of Civil Procedure. Plaintiff's Request No. 35 sought documents concerning investigations or rulings related to Defendant's compliance with wage laws. Defendant objected on privilege grounds and then responded that they were unaware of any responsive documents at the time. This response, made in good faith by Montgomery McCracken Walker & Rhoads LLP (counsel for Co-Defendant Thomas Delancey), was accurate based on the information then available. Once the NYDOL investigation came to light, Defendant promptly corrected its response.

Because the NYDOL's audit had not resulted in any formal rulings or determinations until its later stages—and, as of January 6, 2025, the NYDOL confirmed that no formal determination had been made—the preliminary updates had not been shared with litigation counsel. Thus, there was no intent to withhold material information. Defendant voluntarily disclosed the audit's existence as soon as it became apparent that it intersected with this litigation. Plaintiff's discovery violation claim misrepresents the timeline and unfairly alleges bad faith on Defendant's part. Any delay was the product of an internal miscommunication, not a concerted effort to conceal information.

## III.    Independence of NYDOL Investigation

The NYDOL's investigation is an administrative process independent from this Court's proceedings. NYDOL representatives, including Investigator Samar Mazahreh, have clarified that the Department's audits and potential settlements are distinct from civil lawsuits and do not extinguish the rights of plaintiffs in related litigation. (*See*, NYLL § 198(1-a), stating, "On behalf of any employee paid less than the wage to which he or she is entitled under the provisions of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim and as part of such legal action, **in addition to any other remedies and penalties otherwise available** under this article…" indicating that administrative actions such as NYDOL investigations do not bar additional parallel civil lawsuits). Additionally, "an investigation is neither a prerequisite nor a bar for a person bringing a civil action" (*Contrera v. Langer*, 314 F Supp 3d 562 (SDNY 2018), citing NYLL § 198(3)). This independence ensures that any settlement reached with the NYDOL would not preclude Plaintiff's claims in this Court.

In its motion, Plaintiff raises concerns about preemption and potential conflicts between the NYDOL audit and this Court's jurisdiction. These concerns are unfounded. The NYDOL's administrative authority operates parallel to, not in conflict with, federal court jurisdiction. Moreover, no final settlement has been reached, and Defendant has not entered into any agreements that would compromise Plaintiff's rights or the putative class's claims.

### IV. Lack of Basis for Sanctions

Plaintiff's request for sanctions is neither supported by facts nor law. Defendant's disclosures were timely and made in good faith. Plaintiff's accusations of misrepresentation and bad faith are based on speculative interpretations of Defendant's motives.

Contrary to Plaintiff's claim that Defendant's statement that "no other Barrett employee complained to Barrett about his compensation" (*See*, Delancey Decl., ¶ 8; *see also* Dkt. No. 39, p. 5) constituted an "extremely troubling…misrepresentation" and a "mistruth" (*Id.*, at p. 5-6), Defendant's call with the NYDOL confirmed this statement. On January 6, 2025, the NYDOL investigators corroborated that no other employees raised similar complaints during the relevant period. Thus, Defendant would have had no prior reason to suspect that employees were being improperly compensated. Defendant's statements were truthful and made without intent to mislead the Court or Plaintiff.

Additionally, Plaintiff's contention that Defendant sought to limit the scope of the collective action as a tactic to obscure the NYDOL audit's findings is baseless. However, Defendant sent a letter to the NYDOL adding that no settlement should proceed until this issue is clarified by the Court. Defendant's arguments concerning the collective's scope were made in good faith and grounded in legal precedent, not as a means to delay or obstruct this litigation.

### V. Conclusion

Plaintiff's motion conflates independent administrative processes with judicial proceedings and unfairly seeks to prejudice Defendant. Defendant has acted transparently and in good faith throughout this litigation. For the reasons stated above, we respectfully request that the Court deny Plaintiff's motion in its entirety.

Dated: New York, New York  
        January 9, 2025

Respectfully submitted,

**BERLANDI NUSSBAUM & REITZAS LLP**

By:    */s/ Joshua T. Reitzas*  
      Joshua T. Reitzas  
      Brian L. Berlandi  
      125 Park Avenue, 25th Floor  
      New York, NY, 10017  
      *Attorneys for Defendant Barrett Roofs, Inc.*

JTR/tc

Encl: As stated

Cc:    Client (*via email only*)  
      John O'Brien, Esq (*via email only*)

Case 2:23-cv-00080-GRB-AYS   Document 41   Filed 01/09/25   Page 5 of 5 PageID #: 370