UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MANUEL CAJILEMA, on behalf of himself and all others similarly-situated,<br><br>           Plaintiff,<br><br>-*against*-<br><br>BARRETT ROOFS, INC., and THOMAS DELANCEY, individually,<br><br>           Defendants. | Case No. 2:23-cv-0080-GRB-AYS<br><br>**ATTORNEY AFFIRMATION IN SUPPORT OF DEFENDANT'S LETTER IN OPPOSITION** |

I, Joshua T. Reitzas, duly affirm:

1. I am an attorney admitted to practice law in the State of New York and a partner at the law firm of Berlandi Nussbaum & Reitzas LLP ("BNR"), attorneys for Defendant Barrett Roofs, Inc. ("Defendant") in the above-captioned action. I am fully familiar with the facts and circumstances underlying this matter.

2. I submit this affirmation in support of Defendant's Opposition to Plaintiff's Motion for emergency relief and sanctions.

3. I lead BNR's litigation team in our representation of Defendant in the above class-action litigation.

4. We are committed to collaborating with opposing counsel and providing full disclosures.

5. It is troubling that Plaintiff's counsel seeks sanctions over alleged discovery delays while persistently making himself unavailable to discuss the ongoing investigations—despite our repeated attempts to address these matters by phone.

6. Annexed hereto as Exhibit "A" is a true and correct copy of the email correspondence between Defendant's counsel and Plaintiff's counsel, dated between October 8,

2024 and December 27, 2024, which demonstrates the willingness of Defendant's counsel to disclose and discuss the investigations with Plaintiff's counsel.

7. On December 19, 2024, Plaintiff's counsel accused Defendants of failing to send Barrett's interrogatory response to Plaintiff. The same day, Defendants confirmed that Barrett's responses had been sent timely, along with Defendant Thomas Delancey's responses. (*See*, annexed emails with Plaintiff's counsel dated December 19, 2024).

8. On December 20, 2024, after Plaintiff's counsel failed to acknowledge Defendants' prior email in which they resent Barrett's already-submitted interrogatories, Defendant's counsel sent yet another follow-up email to Plaintiff's counsel in order to confirm that Plaintiff's counsel was able to access the interrogatories. (*See*, annexed emails with Plaintiff's counsel dated December 19, 2024).

9. On December 20, 2024, Plaintiff's counsel held a meet-and-confer with Co-Defendant's counsel, William Kennedy of Montgomery, McCracken, Walker & Rhoads LLP, to address outstanding documents that Co-Defendant Thomas Delancey needed to produce. (*See* annexed email chain, dated December 20, 2024.)

10. On December 22, 2024, Plaintiff's counsel refused to provide a summary of the allegedly outstanding responses and related documents, despite previously agreeing to do so during a prior telephone call. (*See* annexed emails with Plaintiff's counsel, dated December 22, 2024.)

11. During a December 19, 2024, phone call, Plaintiff's counsel agreed to provide a case transcript to Defendant's counsel and Co-Defendant's counsel. However, despite repeated reminders from Defendants over the following days, Plaintiff's counsel ultimately refused to do so. (*See* annexed emails with Plaintiff's counsel, dated December 19, 2024, through December 22, 2024.)

12. On December 23, 2024, Defendant's counsel explained that we intended to designate some information for "attorneys' eyes only," as Defendant is a privately held company and wanted to avoid personal information being made public by filings. Plaintiff's counsel was again uncooperative and insisted that the documents requested in the deficiency letter were already public. (*See*, annexed email chain, dated December 23, 2024)

13. On December 27, 2024, Mr. Berlandi notified me of an overlap between the Defendant's NYDOL investigation and civil litigation. Afterward, I immediately advised co-counsel and we collectively communicated information about the NYDOL investigation to Plaintiff's counsel. Mr. Berlandi also relayed the DOL investigator's contact information to Plaintiff's counsel. (*See*, annexed email exchange with Plaintiff's counsel, dated December 27, 2024).

14. Despite this internal miscommunication, Defendant has provided Plaintiff's counsel with all requested documents currently available and has fully complied with its discovery obligations in good faith. Notwithstanding the foregoing, I am aware of additional exhibits requested by Plaintiff's counsel, and Defendant is actively searching its records to locate and produce them.

15. On December 27, 2024, I emailed Plaintiff's counsel reiterating our desire to bring the investigation to their attention and schedule a phone call to further discuss any concerns they had. Plaintiff's counsel was continually uncooperative in our attempts to schedule said call. (*See*, annexed email chain, dated December 27, 2024; *see also* annexed emails with Plaintiff's counsel, dated December 23, 2024, in which Plaintiff's counsel deliberately scheduled a call that he knew I was unavailable for).

16. On December 28, 2024 (notably, a Saturday, and only one day after Defendant's counsel disclosed the investigation to Plaintiff's counsel), Plaintiff's attorneys claim to have had a call with the NYDOL. Despite having availability for this call, Plaintiff's counsel continually ignored Defendant's requests to schedule an immediate call addressing Plaintiff's concerns about the investigation. (*See*, annexed email exchange with Plaintiff's counsel, dated December 27, 2024). Moreover, when provided with the information they requested from Defendant the following they still ignored Defendant's requests to arrange a phone call discussing the investigation.

17. It is my professional and ethical commitment to ensure that any misunderstanding or oversight does not impact the fairness and integrity of these proceedings. To this end, I remain committed to full cooperation with the Court, Plaintiff's counsel, and the NYDOL to resolve these matters expeditiously and equitably.

Dated: New York, New York
      January 9, 2025

**BERLANDI NUSSBAUM & REITZAS LLP**

By:   */s/ Joshua T. Reitzas*
       Joshua T. Reitzas
       125 Park Avenue, 25th Floor
       New York, NY, 10017
       *Attorneys for Defendant Barrett Roofs, Inc.*