UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL CAJILEMA, on behalf of himself and all others similarly-situated,

                          Plaintiff,

-against-

BARRETT ROOFS, INC., and THOMAS DELANCEY, individually,

                          Defendants.

Case No. 2:23-cv-0080-GRB-AYS

**ATTORNEY AFFIRMATION IN SUPPORT OF DEFENDANT'S LETTER IN OPPOSITION**

I, Brian L. Berlandi, duly affirm:

1. I am an attorney admitted to practice law in the State of New York and a partner at the law firm of Berlandi Nussbaum & Reitzas LLP ("BNR"), attorneys for Defendant Barrett Roofs, Inc. ("Defendant") in the above-captioned action. I am fully familiar with the facts and circumstances underlying this matter.

2. I submit this affirmation in support of Defendant's Opposition to Plaintiff's Motion for emergency relief and sanctions.

3. Between March 2022 and July 2022, I provided limited transactional counsel to the current principals of Defendant regarding their purchase of said corporation. In September 2022, I began representing Defendant with respect to general transactional matters, including ongoing audits (the "Audits") being performed by the New York Department of Labor ("NYDOL") relating to possible unpaid wages to Defendant's employees on six specific jobs performed by Defendant dating back to 2019, all of which jobs were performed by the Defendant when Mr. Delancey was the owner of the corporation.

4. As a dedicated corporate, transactional attorney, I was not part of the team at BNR working on this litigation. Furthermore, I approached the Audits and this litigation as entirely

distinct matters. It never occurred to me that there could be any overlap, as I firmly believed each matter stood independently based on the information available.

5.  On December 27, 2024, upon realizing that Plaintiff Jose Manuel Cajilema is listed in three (3) of the Audit reports provided by the NYDOL, I immediately notified my partner, attorney Joshua Reitzas and other members of the BNR litigation department. Mr. Reitzas promptly disclosed information about the Audits to co-Defendant's counsel and then collectively to Plaintiff's counsel, ensuring full transparency.

6.  Our litigation department's initial lack of knowledge regarding the Audits is attributable to several factors:

   a. Billing practices within BNR's internal client management system resulted in Defendant being listed under two separate billing and matter numbers for litigation and transactional matters. This separation prevented the firm's litigation team from easily identifying the firm's concurrent representation of the Defendant with respect to transactional matters, including the Audits.

   b. Physical separation between the corporate and litigation teams further compounded the issue. I am based in the firm's Pawling, NY office, while Mr. Reitzas primarily works out of the Manhattan office. This geographic divide limited routine communication and collaboration between the teams.

   c. The lack of overlap between the transactional and litigation teams at BNR also contributed to the delay in recognizing the shared nature of the matters. Our firm typically handles litigation and transactional work as distinct and separate areas of practice, with minimal interdepartmental coordination.

      d.      Of the six Audits, only three included Plaintiff Jose Manuel Cajilema. This further obscured any connection I made, or could have made, between the Audits and this case.

7.      Despite this unintended oversight, Defendant has provided, and continues to provide, Plaintiff's counsel with copies of the Audits and all other requested documents and believes it is in good-faith compliance with its discovery obligations. Notwithstanding the foregoing, I am aware of additional documents requested by Plaintiff's counsel, and Defendant is actively searching its records to locate and produce them.

8.      It is my professional and ethical commitment to ensure that any misunderstanding or oversight does not impact the fairness and integrity of these proceedings. To this end, I remain committed to full cooperation with the Court, Plaintiff's counsel, and the NYDOL to resolve these matters expeditiously and equitably.

Dated: Pawling, New York

    January 9, 2025

**BERLANDI NUSSBAUM & REITZAS LLP**

By:    /s/ Brian L. Berlandi
         Brian L. Berlandi, Esq.
         527 Route 22, Suite 2
         Pawling, NY 12564
         (212) 804-6329
         *Attorneys for Defendant*