# MONTGOMERY McCRACKEN
## ATTORNEYS AT LAW

**William K. Kennedy**
Admitted in Pennsylvania, New Jersey & New York

437 Madison Avenue
New York, NY 10022
Tel: 212-867-9500

Direct Dial: 215-772-7291
Fax: 215-731-3689
Email: wkennedy@mmwr.com

January 9, 2024

*Via ECF*

The Honorable Anne Y. Shields
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Cajilema v. Barrett Roofs, Inc. et al., Docket No: 23-cv-0800 (GRB)(AYS)**
**Defendants' Response to Plaintiff's Letter Requesting Hearing**

Dear Judge Shields:

Our firm represents Defendant Thomas Delancey. We submit this letter on behalf of Mr. Delancey in response to Plaintiff's January 2, 2025 letter to this Court (*See* Dkt. No. 28, "Plaintiff's Letter") and Your Honor's January 3, 2025 Order requesting Defendants' response to any discovery matters raised in Plaintiff's letter. Mr. Delancey joins in the response letter filed today by Defendant Barrett Roofs and provides the within additional response.

Plaintiff's letter raises one discovery issue related to Document Request 35, which requested:

> **REQUEST NO. 35:** Produce documents consisting, containing or evidencing investigations, rulings, decisions or opinions rendered by any federal or state court or administrative agency, relating to the issue of whether Plaintiff was paid in compliance with federal and state laws. This request includes, but is not limited to, opinion letters (including opinions and advice from legal counsel) sought by Defendants concerning the compensation to Plaintiff for the Relevant Period.

At the time the responses were served on October 31, 2024, Mr. Delancey and his counsel had no knowledge or information about any "investigations, rulings, decisions, or opinions *rendered* by any federal or state court or administrative agency…" and that remained true until December 27, 2024, the same day Mr. Delancey's counsel informed Plaintiff's counsel of the audit. In that correspondence, counsel candidly admits that we became aware of the NYDOL's audit reports and investigations of several Barrett Roofs projects, which included Plaintiff's work on three projects. Further, counsel advises that we have not been involved but

MONTGOMERY McCRACKEN WALKER & RHOADS LLP
PENNSYLVANIA • NEW YORK • NEW JERSEY • DELAWARE
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
MICHAEL J. FEKETE, NEW JERSEY RESPONSIBLE PARTNER

6641839v1

will continue to supply information as its received and requested for a call to further discuss. What Plaintiff has failed to acknowledge is that there is currently no *rendered* decision by the NY DOL as it relates to the Barrett Roofs investigation. However, despite this fact, upon learning of the details of the NY DOL investigation, counsel subsequently amended and supplemented their response to Request No. 35 and readily provided any and all information available.

Moreover, Defendants' counsel made several good faith attempts to schedule a conference call in addition to the other steps taken to address Plaintiff's concerns regarding the NY DOL investigation. Instead of agreeing to a call, Plaintiff's counsel filed the pending motion with this Court. Therein, Plaintiff also included unwarranted, and inaccurate allegations about Defendants' alleged conduct, including that:

- Defendants attempted "to usurp this Court's jurisdiction over this matter" by engaging in discussions with the NYDOL to resolve the audit;

- That Defendants made "misrepresentations and violations under Federal Rules of Civil Procedure, Rules 26 and 37"; and

- That Defendants and Defendants' counsel should be sanctioned for alleged "fraud" committed "upon the Court."

Plaintiff's allegations presumably relate to his argument regarding the validity and accuracy of the Declarations provided by Mr. Delancey and Anastasios Pavlou in support of Defendant's Opposition to conditional certification. Those allegations, specifically with respect to Request No. 35, are abhorrently incorrect. Both declarations provide accurate information based on the declarants' knowledge.

We find the allegations in Plaintiff's letter to be harassing and altogether unnecessary considering our prompt action to provide pertinent information as it was received. We have and will continue to comply with the instruction of this Court and maintain efforts to avoid intervening with the NY DOL's on-going investigation. We look forward to the opportunity to discuss the foregoing issues and the other allegations in Plaintiff's letter at the January 14 conference.

Respectfully yours,

William K. Kennedy

cc: Jeffrey Robert Maguire (via ECF)
     Joshua T. Reitzas (via ECF)