

Jeffrey R. Maguire, Esq., Partner    o: (212) 939-7229    f: (212) 531-6129
a: 445 Hamilton Avenue, Suite 1500, White Plains, NY 10601
e: jmaguire@stevensonmarino.com

February 26, 2025

<u>*Via ECF*</u>
The Honorable Anne Y. Shields
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Cajilema v. Barrett Roofs, Inc. et al.,*
      <u>*Docket No: 23-cv-0080 (GRB)(AYS)*</u>

Dear Judge Shields:

  We represent Plaintiff Jose Manuel Cajilema, and the three Plaintiffs who have opted into the action to date, in the above-referenced matter alleging wage and hour claims under the Fair Labor Standards Act and New York Labor Law against Defendants Barrett Roofs, Inc. ("Barrett Roofs") and Thomas Delancey (collectively as "Defendants"). We write now, pursuant to the Court's Individual Practice Rules, Rule X.C, to respectfully request a pre-motion conference in anticipation of Plaintiff's motion for leave to amend the complaint to add four additional parties pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P").

## I. <u>Procedural History</u>

  On January 8, 2025, following the exchange of discovery requests, discovery responses, a deficiency letter, and a meet and confer, Defendants produced a fully executed version of a contract of sale of Barrett Roofs, the Stock Purchase Agreement ("Agreement"), dated July 12, 2022. The Agreement resulted in the sale of Barrett Roofs from two former owners, Defendant Delancey and his co-owner, Vasiliki Apostolopoulos, to the three current owners, its Chief Operating Officer, Anastacios Pavlou, its Chief Executive Officer, Brian Wynne, and its Chief Financial Officer, Robert Moore.

  On January 15, 2025, the Court entered an order directing Defendants to turn over any and all documents regarding the NYDOL investigation involving the Defendants herein and any putative plaintiffs in the collective action within a week. *See* Electronic Order (1/15/2025). On that same day, Defendants produced audit reports relating the NYDOL investigation. On January 28, 2025, the parties held a meet and confer to address Plaintiff's second deficiency letter. As a result of the call, Defendants produced all documents regarding the NYDOL investigation in their

possession as directed by the Court's Order, and on February 7, 2025, Defendant Barrett Roofs produced supplemental responses to Plaintiff's First Set of Interrogatories. Based on information obtained through discovery, Plaintiff now seeks leave to add these four additional defendants to the action.

## II.     Argument

Where leave of court is required to amend, "the court has broad discretion to grant such leave 'freely,' 'when justice so requires.'" *Torres v. DJ Southhold, Inc.*, 2018 WL 3653271, at *3 (E.D.N.Y. July 12, 2018) (Shields, *J.*) (citation omitted). Importantly, "[b]ecause amendments 'tend to facilitate a determination on the merits,' they are 'generally favored.'" *Id.* (citation omitted). "Thus, Rule 15 is construed liberally and courts have broad discretion to allow parties to add additional causes of action." *Id.* (citation omitted).

It is well-recognized that "[d]espite the liberal construction generally afforded to Rule 15, motions to amend are properly denied where they are founded in undue delay, bad faith, futility, or prejudice to the non-moving party...." *Id.* (citation omitted). Significantly, "[t]he non-movant bears the burden of demonstrating that the proposed amendment is improper." *Id.* (citation omitted).

Substantially based on discovery, Plaintiff now seeks leave to amend his Complaint to add former co-owner, Vasiliki Apostolopoulos, who is also the spouse of Defendant Delancey, as well as the three current owners, Anastacios Pavlou, Brian Wynne, and Robert Moore. Based on the allegations in Plaintiff's anticipated Amended Complaint, all four individuals are "employers" under the FLSA and NYLL's definitions, which are broadly defined under the statutes. When taken as true, as the Court must do in determining whether the amendment is futile, Plaintiff's allegations satisfy the economic realities test for all four individuals, based on formal and operational control of employment-related factors concerning Barrett Roofs' manual laborers, including the four plaintiffs opted into this action. Additionally, because Plaintiff is seeking leave to amend his pleadings based upon information recently obtained in discovery, there is no undue delay or bad faith. Nor is there any prejudice to the four defendants, as discovery is still ongoing with depositions yet to be taken.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____

Jeffrey R. Maguire, Esq.
Stevenson Marino LLP

To: Defendants' Counsel *via* ECF