UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL CAJILEMA, on behalf of himself and all others similarly-situated,

        Plaintiffs,

v.

BARRETT ROOFS, INC., and THOMAS DELANCEY, individually.

        Defendants.

**Civil Action No.: 23-cv-0080**

# DEFENDANT THOMAS DELANCEY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)

# TABLE OF CONTENTS

        **Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .......................................................................................................3

    a. Standard of Review ....................................................................................3

    b. Vana was not an "employer" as required for FLSA liability .......................4

    c. Receiving Payment from a Sale Agreement Does Not Create Personal Liability ........5

    d. Allowing Plaintiff to Proceed Against Vasiliki Apostolopoulos Would Result in Undue Prejudice ................................................................................7

    e. The Amendment Appears to be in Bad Faith ..............................................8

III. CONCLUSION ...................................................................................................10

Defendant THOMAS DELANCEY ("Mr. Delancey"), by and through his attorneys, opposes the Motion for Leave to File Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) ("Motion") filed by Plaintiff, Jose Manuel Cajilema ("Plaintiff"). Plaintiff's Motion must be denied because Plaintiff has failed to establish a factual basis to assert that Vasiliki Apostolopoulos ("Vana") was an owner or operator of Barrett Roofs, Inc. ("Barrett Roofs") with her husband Thomas Delancey. Because Vana was not Plaintiff's "employer" as defined by applicable law, Plaintiff's request for her inclusion as an individual defendant should be denied.

I. **INTRODUCTION**

The Amended Complaint fails to set forth sufficient grounds for Vasiliki Apostolopoulos to be added as an individual defendant. Plaintiff simply asserts that Vana is an appropriate defendant because she was listed as a *Seller* in the Stock Purchase Agreement ("SPA") dated July 12, 2022 (Plaintiff's Motion, Exhibit 3). Contrary to Plaintiff's arguments and allegations, Vana was never an owner, shareholder, officer, director, or employee of Barrett Roofs and has never held any interest in the business. (Exhibit A, V. Apostopoulos Decl., ¶ 3). Vana was not involved in the management, finances, or operations of Barrett Roofs, did not supervisor any Barrett Roofs employees, and was not involved in decisions regarding employees' pay rates or compensation. (Ex. A, ¶ 4-5). Furthermore, although listed as a "Seller" in the SPA, Vana did not negotiate the terms of the agreement and was named in the agreement only based on her marriage to Thomas Delancey. (Ex. A, ¶ 6; Exhibit B, Delancey Decl., ¶ 4-7).

Although the Amended Complaint makes assertions that Vana "exerted financial control" and was responsible for employees' wages and hours worked, those allegations are inaccurate

and based only on incorrect assumptions.[1] (Ex. B, ¶ 5-6). Thomas Delancey was the sole owner of Barrett Roofs, and Vana was not a shareholder, officer, owner, director, or employee of Barrett Roofs at any point during the years Mr. Delancey owned or operated the company. (Ex. B, ¶ 4-7).

Plaintiff's counsel essentially admitted that the allegations in the Amended Complaint were speculation and assumptions based on Vana being listed as a "Seller" in the Stock Purchase Agreement. After Mr. Delancey's counsel informed him of these errors, Plaintiff's only change to the Amended Complaint was to change the references to Vana from "he" to "she."[2] In response to Delancey's counsel's correspondence informing him that Vana "was not an owner, officer, or director of Barrett Roofs and was not involved in its operations," Plaintiff's counsel confirmed that the allegations about Vana in the Amended Complaint were based on his assumption that Vana was an "owner" of Barrett Roofs. (Ex. C at 1). He also wrote that Plaintiff "had no idea who [Vana] was" when asked about the SPA.

Plaintiff's counsel could not explain his assertion that Vana "exerted operational control over Barrett Roofs' employees" and that she "exerted financial control over the company and was responsible for directing Barrett Roofs' managers regarding supervision of projects, paying employees, and all employment-related decisions regarding hiring and firing" and "maintained

---

[1] The Amended Complaint alleges that "Defendant Apostolopoulos was the co-owner of Barrett Roofs and with Defendant Delancey, exerted operational control over Barrett Roofs' employees until she sold Barrett Roofs on July 12, 2022. In her role, Defendant Apostolopoulos exerted financial control over the company and was responsible for reviewing employees' hours worked, paying employees their wages, and maintaining employees' time and pay records on the company's behalf. Defendant Apostolopoulos maintained Plaintiff's employment records, was responsible for determining his hours worked in a week and the amount of wages he was to be paid, and paid Plaintiff his wages until she sold Barrett Roofs on July 12, 2022." (Plaintiff's Motion, Exhibit 1, ¶ 12).

[2] *See* Exhibit C, correspondence between counsel and draft Amended Complaint). The proposed Amended Complaint referred to Vana as "he," confirming that Plaintiff and Plaintiff's counsel did not know who they were attempting to add as a defendant.

Plaintiff's employment records and paid Plaintiff his wages until [s]he sold Barrett Roofs." (Ex. C at 1). Plaintiff's counsel wrote that – after he drafted and shared the Amended Complaint – he spoke with Plaintiff, who described Mr. "Delancey's wife . . . as the company's co-owner and secretary. In fact, it was her that organized all employment pay records and distributed payment to all of the employees. This is consistent with the contract and of course, subjects her to operational control and liability as an individual defendant." (Exhibit C at 2). Even if Plaintiff's alleged description of Vana organizing pay records and distributing payment were accurate, mere administrative duties do not establish ownership. These communications confirm that Plaintiff included those allegations only to attempt to create individual liability where none exists in fact. Further,

Plaintiff's Motion for Leave to File Amended Complaint with respect to proposed Defendant Vasiliki Apostolopoulos should be denied, as it is based on incorrect assumptions, lacks legal merit, and seeks to impose liability on an individual without factual or legal basis.

## II. ARGUMENT

### a. Standard of Review

Although Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires", even under that liberal standard, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party". *McCarthy v. Dun & Bradstreet Corp.*, 48 2 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[3]

---

[3] Even if Plaintiff's motion to amend the Complaint were granted, the Amended Complaint cannot relate back to the original filing. Rule 15(c) (Relation Back of Amendments) provides that

> An amendment to a pleading relates back to the date of the original pleading when:
> . . .

### b. **Vana was not an "employer" as required for FLSA liability.**

Because Vana did not have power to hire and fire employees, did not supervise or controlled employee work schedules or conditions of employment, did not determine employees' rate or method of payment, and did not maintain Barrett's employment records, the amendment would be futile, and Plaintiff's motion should be denied. A proposed amendment may be denied as futile where it has no merit or fails to demonstrate a cognizable or sufficient claim. *Lamothe v. Town of Oyster Bay,* No. 08–CV–2078, 2011 WL 4974804, at *9 (E.D.N.Y.2011).

The proposed amendment to add Vana is futile because it lacks factual allegations demonstrating that she was an owner or exercised control over the business. The pleadings lack specific factual allegations showing her participation in company management, financial control, or authority over employment practices. Instead, the proposed allegations rest solely on conclusory assertions based on Vana's inclusion as a "Seller" in the SPA.

Courts in the Second Circuit apply an "economic realities" test to determine whether an individual is an "employer" for purposes of FLSA liability. *See, e.g., Irizarry v. Catsimatidis,* 722 F.3d 99, 109 (2d Cir. 2013).[4] In *Irizarry*, the Circuit Court applied a four-factor test to determine the "economic reality" of an employment relationship: "whether the alleged employer

---

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, . . . if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

F.R.C.P. 15(c). Because Vana did not receive notice of her potential inclusion until more than two years after the Complaint was filed, Plaintiff cannot satisfy Rule 15's requirements, and the Amended Complaint should not relate back to the initial pleading.

[4] Applying a similar analysis to liability under Section 1983 and other federal causes of action, this Court held in *Gusler v. City of Long Beach,* 823 F. Supp 2d 98, 130 (E.D.N.Y. 2011), that a party's inclusion in official documents, without specific allegations of control, misconduct, or decision-making authority, is insufficient to establish individual liability.

(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*, citing *Carter v. Dutchess Community College,* 735 F.2d 8, 12 (2d Cir.1984). In *Irizarry*, the Circuit Court wrote that a "person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id*. at 110. *See also* RSR, 172 F.3d at 140 ("evidence showing [an individual's] authority over management, supervision, and oversight of [a company's] affairs in general" is relevant to "the totality of the circumstances in determining [the individual's] operational control of [the company's] employment of [the plaintiff employees].")

The attached declarations and Plaintiff's own admissions confirm that none of the relevant factors are satisfied. Vana never had "operational control" over Barrett Roofs or its employees. The motion to add Vana as a defendant should therefore be denied.

### c. Receiving Payment from a Sale Agreement Does Not Create Personal Liability.

Plaintiff's reliance on the fact that Vana was listed as a "Seller" on the Stock Purchase Agreement is legally insufficient to establish ownership or justify the imposition of individual liability. It is well-settled that a person's name appearing on a transactional document, without more, does not create an inference of ownership, operational control, or personal responsibility for the obligations of a business. Courts in the Eastern District of New York and the Second Circuit have consistently required specific and concrete evidence of a party's active participation in the management or financial affairs of a business before imposing liability. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013) ("Ownership, or stake in a company, is insufficient by itself to establish that an individual is an employer" under the FLSA); *see also Martin v.*

*Sprint United Mgmt. Co.,* 273 F. Supp. 3d 404, 423 (S.D.N.Y 2017) (rejecting individual liability where the individual lacked operational control over employment terms).

Here, the record makes clear that Vana had no ownership interest in the company, exercised no control over its finances, policies, or employment practices, and played no role in its management. Her name appears on the Stock Purchase Agreement was solely due to her status as the spouse of Mr. Delancey—a fact which, without more, cannot support a claim of personal liability. Even Plaintiff's alleged belief that Vana "organized . . . pay records and distributed payment to all of the employees" would not support her being named as an individual defendant. That alleged, limited administrative involvement did not include any authority to make decisions on behalf of the business or to bind it in any legal or financial capacity. To impose liability under these circumstances would be contrary to settled law and risk extending personal liability to individuals who had no meaningful participation in the operation or control of a business. Accordingly, the proposed amendment should be denied as it is based on a legally insufficient and unsupported theory of liability.

Furthermore, there are practical and strategic explanations for Vana's inclusion in the SPA that do not imply ownership. It is common for spouses to be named in sale documents as a formality or in recognition of potential martial property rights, particularly where business interests are considered martial assets under state law. However, such inclusion does not confer ownership or liability, particularly when there is no evidence that Vana was involved in any decision effecting Plaintiff's employment. Vana's inclusion as a seller was nominal and legally insufficient to support any claims that she held ownership or operational authority in Barrett Roofs. The law is clear that, absent evidence of actual participation in business operations, control over financial affairs, or involvement in decision-making, an individual cannot be

-6-

deemed an owner or subjected to individual liability under the FLSA. *See Grande v. 48 Rockefeller Corp.,* No. 21-CV-1593 (PGG) (JLC), 2023 WL 5162418, at *18 (S.D.N.Y. Aug. 11, 2023) (finding that an individual may be deemed an "employer" and thus held personally liable for wage violations if they possess operational control over the company and its employment practices. Mere titles or nominal roles are insufficient; there must be evidence of significant control over the company's operations and the terms and conditions of employment).

### d. Allowing Plaintiff to Proceed Against Vasiliki Apostolopoulos Would Result in Undue Prejudice.

Defendants would also be prejudiced by Plaintiff's proposed amendment of the Complaint. Plaintiff's argument in support of their motion is premised on the fact that Vasiliki Apostolopoulos is listed as a "Seller" on the Stock Purchase Agreement. Even if the Court views Vana's inclusion as a procedural error, adding or maintaining her as a defendant would be unduly prejudicial for the subsequent reasons: (1) she was not involved in negotiations regarding the sale transaction, (2) she would be forced to defendant against claims in which she was not involved, and (3) her continued inclusion could confuse the issues and burden discovery. This expansion of the litigation scope would not only prolong the proceedings but also impose significant financial and emotional strain on Ms. Apostolopoulos.

The Second Circuit has established that undue prejudice may arise when an amendment requires the opposing party to expend significant additional resources on discovery and trial preparation or substantially delays the resolution of the dispute. In <u>Zucker v. Porteck Glob. Servs., Inc.,</u> No. 13-CV-2674 JS AKT, 2015 WL 6442414, at *8 (E.D.N.Y. Oct. 23, 2015), the court denied the plaintiff's motion to amend the complaint to add new defendants, citing undue delay and substantial prejudice. The court emphasized that "Plaintiff similarly failed to

demonstrate the requisite good cause that would warrant the addition of [the proposed defendant] as a defendant this late stage in the litigation." *Id.* It further stated that the proposed defendant "would be severely prejudiced were she forced to begin litigating this action at this advanced stage." *Id.* Furthermore, the timing of Plaintiff's motion suggests a dilatory motive, as it comes after defendants explicitly informed Plaintiff's counsel of the lack of factual basis for including Vana. This undue delay, coupled with the potential for increased litigation complexity and expense, underscores the prejudice that would result from granting the amendment.

      **e.** **The Amendment Appears to be in Bad Faith.**

Lastly, Plaintiff's attempt to amend the complaint to name Vasiliki Apostolopoulos as an individual defendant is not only legally improper but is also demonstrably made in bad faith. Defendants advised Plaintiff's counsel on February 21, 2025, that Vana had no ownership interest in the company and was improperly included in the amended pleading. Plaintiff was aware that Vana is Mr. Delancey's spouse and that her only connection to the business is marital. She has never held an ownership stake, officer position, or directional role, and has never exercised operational or financial control over the company or its employees. Even Plaintiff's counsel's correspondence confirmed that Plaintiff believed Vana's involvement to be, at most, limited to administrative tasks and clerical support, and she possess no knowledge of or authority over, employee supervision, compensation practices, or compliance with wage and hour laws.

Despite being placed on clear notice of these facts, Plaintiff has persisted in naming Vana based solely on her inclusion as a signatory to the Stock Purchase Agreement—an inclusion that, as Plaintiff was advised, was based on her marital status and not on any actual ownership interest. Courts in this Circuit routinely reject attempts to impose liability based solely on familial relationships or formalistic labeling without evidence of actual control or involvement.

In *Irizarry v. Catsimatidis*, 722 F. 3d 99 (2d Cir. 2013), the Second Circuit emphasized that merely holding a high-level title or having an ownership interest does not automatically result in individual liability under the Fair Labor Standards Act. The court stated that an individual's involvement must be significant, with evidence of operational control over the company's employment practices, to be considered an "employer" under the FLSA. Ownership, or a stake in a company, is insufficient to establish that an individual is an "employer" without some involvement in the company's employment of the employees. *Id.* at 111.

Plaintiff's refusal to remove Vana from the amended complaint—despite the absence of any factual basis for her inclusions and the direct communication from defendants identifying these deficiencies—evinces an intent to harass and pressure the individual defendants through improper means. This conduct is emblematic of bad faith and warrants denial of the motion to amend under Rule 15(a)(2). *See AEP Energy Services Gas Holding Co., v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (leave to amend may be denied where the movant acted in bad faith or with dilatory motive). *See also, Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08-CV-3697, 2009 WL 2432729, at *3-*4 (S.D.N.Y. July 31, 2009) (finding no good cause to amend where "the documents more recently produced ... may further have underscored the potential viability of [movant's] waiver argument, [but] the issue was not new"), *aff'd*, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010).

## III. **CONCLUSION**

For the foregoing reasons, Defendant Delancey respectfully requests that this Court deny in part Plaintiffs' Motion for Leave to File Amended Complaint and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Montgomery McCracken Walker & Rhoads, LLP
*/s/ William K. Kennedy*
William K. Kennedy
437 Madison Avenue
New York, NY 10022

*Attorneys for Defendant Thomas Delancey*

# CERTIFICATE OF SERVICE

I, William K. Kennedy, hereby certify that on this 11th day of April 2025, I caused a true and correct copy of the foregoing Memorandum of Law in Opposition To Plaintiffs' Motion for Leave to File Amended Complaint to be served on the following counsel in the manner required by the March 6, 2025 Order:

>Jeffrey R. Maguire, Esquire
>Stevenson Marino, LLP
>445 Hamilton Avenue
>White Plains, New York 10601
>(212) 939-7229 (phone)
>jmaguire@stevensonmarino.com
>
>Joshua T. Reitzas, Esquire
>Berlandi Nussbaum & Reitzas, LLP
>125 Park Avenue
>Suite 35th Fl.oor
>New York, NJ  10017
>(212) 804-6329 (phone)
>jreitzas@bnrllp.com

>/s/     *William K. Kennedy*
>          William K. Kennedy