

**Jeffrey R. Maguire,** Esq., Partner     o: (212) 939-7229     f: (212) 531-6129
a: 445 Hamilton Avenue, Suite 1500, White Plains, NY 10601
e: jmaguire@stevensonmarino.com

June 2, 2026

<u>*Via ECF*</u>
The Honorable Anne Y. Shields
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Cajilema v. Barrett Roofs, Inc. et al.*
     <u>*Docket No: 23-cv-0080 (AYS)*</u>

Dear Judge Shields:

  This office represents the named-Plaintiff, Jose Cajilema, and the five opt-in Plaintiffs, Angel Delao, Alex Jacome, Segundo Niera Vidal, Jose Garcia, and Fabian Guitierrez (collectively as "Plaintiffs"), in the above-referenced wage and hour matter against Defendants, Barrett Roofs, Inc., Thomas Delancey, Vasiliki Apostolopoulos, Anastasios Pavlou, Brian Wynne, and Robert Moore (collectively as "Defendants") under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs allege that the Defendants failed to pay them overtime and furnish them with wage statements containing specific categories of accurate information on each payday under NYLL § 195(3). We submit this letter, on behalf of the Parties, to respectfully request that the Court review and approve the Parties' settlement of Plaintiffs' claims as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Copies of the Parties' fully executed settlement agreements are attached hereto as **Exhibit 1.**

## I. <u>RELEVANT PRELIMINARY STATEMENT</u>

  On January 5, 2023, the named-Plaintiff filed this action against Defendants. *See* Dkt. No. 1. On May 26, 2023, Defendants Barrett Roofs, Inc., Thomas Delancey, filed an Answer. *See* Dkt. No. 11. On April 18, 2024, the parties participated in mediation, but ultimately the parties were unable to resolve. On October 14, 2024, named-Plaintiff moved for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). *See* Dkt. No. 36. On December 17, 2024, the Court granted named-Plaintiff's motion, directing notice to be sent to the putative members of the collective action. *See* Dkt. No. 39. Subsequently, five additional Plaintiffs opted into the action by filing consent to join forms with the Court. *See* Dkt. Nos. 45-47, 49, 51.

  Following document production and responses to interrogatories, Plaintiffs moved to file an Amended Complaint, adding Vasiliki Apostolopoulos, Anastasios Pavlou, Brian Wynne, and

Robert Moore as Defendants, which the Court granted on May 14, 2025. *See* Dkt. Nos. 52, 55-56. On July 22, 2025, Defendants filed their Answer to the Amended Complaint. *See* Dkt. No. 63-64.

On January 6, 2026, the Parties participated in private mediation with Martin Scheinman, Esq., a mediator with extensive experience in employment and labor law. With the mediator's assistance, the parties agreed to settle the matter for $450,000. Additionally, Plaintiffs' counsel respectfully submits an application for one-third of the net settlement amount, $146,604.67, after deduction of counsel's litigation expenses, as attorneys' fees. Plaintiffs' counsel additionally seeks $10,186.00 in litigation expenses.

For the following reasons, the Court should approve the Parties' settlement of Plaintiffs' FLSA claims as fair and reasonable.

## II. <u>THE AGREEMENT IS FAIR AND REASONABLE</u>

FLSA claims may be settled and dismissed with prejudice under Rule 41 if such settlement is approved by the Court. *Cheeks*, 796 F.3d at 206-07. Courts approve FLSA settlements "when they are reached as a result of contested litigation to resolve bona fide disputes." *Flores v. Hill Country Chicken NY, LLC*, 2018 WL 2389076, at *2 (S.D.N.Y. May 25, 2018) (citing *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Chowdhury v. Brioni Am., Inc.*, 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017) (citing *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013)). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*.

In evaluating a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The *Wolinsky* factors consider: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id*.

### A. Range of Possible Recovery

Plaintiffs all worked for Defendants as manual laborers for Defendants' building renovations and roofing company. Plaintiffs' dates of employment during the applicable six-year period preceding the filing of the Complaint are as follows:

| | |
|---|---|
| Jose Cajilema: | January 6, 2017 to December 12, 2022; |
| Angel Delao: | April 25, 2018 to September 10, 2023; |
| Fabian Gutierrez: | January 6, 2017 to February 28, 2020; |
| Jose Garcia: | February 3, 2024 to June 2, 2024; |
| Alex Jacome: | January 6, 2017 to September 30, 2020; and |
| Segundo Neira Vidal: | January 6, 2017 to October 31, 2017; |

Plaintiffs allege that for the entirety of their employment periods, Defendants failed to pay them the applicable overtime rate of one and one-half times their regular rates. Defendants also failed to furnish them with accurate wage statements. Defendants provided the time and pay records in their possession as a result of discovery, permitting the parties to thoroughly analyze Plaintiffs' claims and damage calculations. A copy of the damage calculations is attached as **Exhibit 2**. As the calculations show, Plaintiffs calculated their actual overtime damages to be $748,758.22.

According to these damages, Plaintiffs' recovery of $450,000.00 represents approximately 60.1% of Plaintiffs' maximum recovery of their actual damages. Courts have found that settlements exceeding 25% of maximum possible recovery to be reasonable, highlighting the fairness of this agreement under *Cheeks*. *See Lesser v. TIAA Bank, FSB*, 2020 WL 6151317, at *2 (S.D.N.Y. Oct. 20, 2020); *Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (finding twenty percent of maximum recovery reasonable in light of circumstances). Accordingly, the Parties submit that this agreement is both fair and reasonable.

### B. Avoidance of Burdens, Expenses, and Litigation Risks

Further, settling at this stage "avoids the risks and burdens of litigation . . . as well as the costs, uncertainties, and delays inherent in litigation of this nature." *See Lesser*, 2020 WL 6151317, at *2. Plaintiffs waited a significant amount of time in this case pursuing their claims, which included multiple motions and with settlement reached only after discovery. Additionally, as the Court is aware, Defendants were subject to an investigation by the New York Department of Labor, which resulted in a settlement, further complicating the case. Due to the significant amount of the settlement, plaintiffs believed there was a risk of bankruptcy. Moreover, due to the sale of the company, which Plaintiff learned through discovery and resulted in the Amended Complaint, there were additional risks of proving liability and the potential of cross-claims between the individual defendants.

Due to the Department of Labor investigation and settlement, which increased risk of inability to pay, the class action claims were not pursued and Plaintiffs understood that this settlement was their best opportunity to receive money after all of this time. This settlement eliminates all of those burdens, costs, and risks, which in totality weighs in favor of approval of the settlement.

### C. Arms-Length Bargaining, No Fraud or Collusion, No Cheeks Admonitions

As detailed herein, this settlement was reached before depositions, summary judgment motion practice and trial. Both sides realized that continued litigation would not be in the best interests of any party involved, and as a result of that recognition, the negotiations were aggressively pursued on both sides to come to a fair and reasonable compromise.

Furthermore, the parties' agreement does not contain a confidentiality clause, a general release for the five opt-in Plaintiffs, or an overly broad non-disparagement clause. *See Ream v. Berry-Hill Galleries, Inc.*, 2020 WL 8514826, at *2-3 (S.D.N.Y. Dec. 4, 2020) (citing *Lopez v. Nights of Cabiria, LLC*, 2015 WL 1455689, at *5 (S.D.N.Y. 2015)). Due to the efforts of Plaintiff to secure this result on behalf of the opt-in Plaintiffs, Defendants agreed to pay Plaintiff a service

award of $10,000.00, in exchange for a mutual general release. The release is fully symmetrical in scope: just as Cajilema releases Defendants from all claims through the date of execution, Defendants likewise release Cajilema from any and all claims they may hold against him through that same date, with no carve-outs or exclusions favoring either party. The release binds Cajilema in his individual capacity only and does not extend to the opt-in Plaintiffs or to any collective claims.

Defendants also required a mutual general release because Plaintiff had initially made a complaint of discrimination, which was not asserted in this action. Further, that discrimination claim is factually and legally distinct from the wage-and-hour claims at issue here. Absent a general release, Defendants would remain exposed to continued litigation over that separate, identified dispute notwithstanding their settlement of the FLSA and NYLL claims. The mutual general release thus does not operate to extinguish unasserted wage claims, but rather to resolve a specific, known, and unrelated dispute between these particular parties, and Defendant provided independent consideration for it in the form of the $10,000.00 payment to Cajilema.

Courts have found mutual general releases to be reasonable where: (1) they are symmetrical; (2) they do not involve class claims, and (3) plaintiffs no longer work for Defendants." *Morales v. City Scrap Metal, Inc.*, 2022 WL 20539979, at *4 (E.D.N.Y. Nov. 6, 2022). Because this action is no longer proceeding as a class action, the release is mutual, and Plaintiff Cajilema no longer works for Defendants, the parties submit that the mutual general release for Cajilema only is fair and reasonable. *See id*.

Plaintiffs also request that the Court retain jurisdiction over this matter for the sole purpose of enforcing the terms of the settlement agreement and entering judgment in accordance therewith should it become necessary.

## III.     <u>ATTORNEYS' FEES AND COSTS ARE ALSO REASONABLE</u>

In addition to assessing the reasonableness of the settlement, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Thallapaka v. Sheridan Hotel Assocs. LLC*, 2015 WL 5148867, at *2 (S.D.N.Y. Aug. 17, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). Attorneys' fees in FLSA settlements are examined "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Here, Plaintiffs' counsel's request that the Court approve fees of one-third of the net settlement is "consistent with the trend in this Circuit." *Kochilas v. Nat'l Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); *Tiro v. Public House Investments, LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases). Thus, a one-third recovery is appropriate in a case where, as here, Plaintiffs' counsel's fee entitlement is entirely contingent upon success of a settlement or award. *See Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Here, Plaintiffs' counsel's requested fee of $146,604.67, or one-third of the net settlement, is wholly reasonable and consistent with that law.

Moreover, the reasonableness of these fees is further solidified by applying the lodestar method as a cross-check to ensure that counsel's fee award is not excessive in relation to the amount of work actually performed. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 435 (S.D.N.Y. 2014) (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)); Indeed, "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fee FLSA cases." *Sakiko Fujiwara*, 58 F. Supp. 3d at 439.

In order to conduct the lodestar cross-check, Plaintiffs' counsel multiplied the attorney hours spent on the case by the attorney's reasonable hourly rates. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). Here, if Plaintiffs' counsel were seeking fees pursuant to the lodestar, Jeffrey R. Maguire, a Partner at the Firm with seventeen years' experience would seek $500.00 per hour. "Courts within this District generally approve rates of $300-$400 per hour for partners in FLSA cases." *Mobley v. Five Gems Mgmt. Corp.*, 2018 WL 1684343, at *4, n.7 (S.D.N.Y. Apr. 6, 2018).

The Firm expended approximately 245.20 attorney hours and calculated its lodestar to be $122,600. Thus, the Firm's requested fee of $146,604.67 requires a multiplier of less than 2. Accordingly, Plaintiffs' attorneys' fees are reasonable in light of the risk associated with a contingent fee FLSA case. Plaintiffs' counsel's contemporaneous billing records are attached as **Exhibit 3**.

Lastly, with respect to expenses, the Firm is seeking reimbursement for $10,186.00 in out-of-pocket expenses, comprised of the filing fee, investigative report, service, and two mediations, and postage. Plaintiffs' counsel's expense statement is attached as **Exhibit 4**.

## IV.    CONCLUSION

In light of the foregoing, the Parties respectfully request that the Court approve their settlement of Plaintiffs' FLSA claims, while retaining jurisdiction for the sole purpose of enforcing the Parties' agreement and entering judgment in the event of a breach in accordance with the agreement's terms.

Respectfully submitted,

Jeffrey R. Maguire
Stevenson Marino LLP